**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4010**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICO JERMAIN DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:20-cr-00018-D-1)

Submitted:  September 9, 2021                      Decided:  September 14, 2021

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan Dubois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CUIRAM:

Rico Jermain Davis pleaded guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. The district court sentenced Davis to 41 months' imprisonment. On appeal, Davis' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Davis' sentence is substantively reasonable. Although he was informed of his right to do so, Davis has not filed a pro se supplemental brief. For the following reasons, we affirm.

We "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."[*] *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). "If the [c]ourt finds no significant procedural error, it then considers the substantive reasonableness of the

---

[*] Because Davis requested and received a within-Guidelines sentence, our review of the reasonableness of his sentence is for plain error. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020) (explaining defendant preserves argument as to substantive reasonableness of sentence for appeal by "advocat[ing] for a sentence shorter than the one ultimately imposed").

2

sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir.) (brackets and internal quotation marks omitted), *cert. denied*, 141 S. Ct. 382 (2020). We look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 176 (internal quotation marks omitted). We presume that a sentence within or below a defendant's advisory Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1431 (2021). Our review of the record indicates that Davis' within-Guidelines sentence is procedurally reasonable, and Davis has not rebutted the presumption of reasonableness attached to his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*